CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
April 26, 2024
LAURA A. AUSTIN, CLERK
BY: s/A. Beeson
       DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| JUSTIN MICHAEL MILLER, | ) |
| Plaintiff, | ) Civil Action No. 7:24cv00171 |
| v. | ) **MEMORANDUM OPINION** |
| J. WISE, | ) By:  Hon. Thomas T. Cullen |
| | )       United States District Judge |
| Defendant. | ) |

Plaintiff Justin Michael Miller, a Virginia inmate proceeding *pro se,* filed this civil action under 42 U.S.C. § 1983, alleging that he received inconsistent food portions at the Southwest Virginia Regional Jail Authority's ("SWVRJA") Abingdon facility. Miller seeks leave to proceed *in forma pauperis* with this action. Having reviewed Miller's submissions, the court grants his request to proceed *in forma pauperis* but concludes that Miller's allegations fail to state a cognizable § 1983 claim against the named defendant. Accordingly, the court will dismiss the complaint without prejudice for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii).

**I.**

Miller alleges that when he was "in booking" at the SWVRJA's Abingdon facility, the food trays were "super full," but when he went to housing unit "4A," the food trays "went from full to slim because of what pod [(*sic*)]." (Am. Compl. at 2 [ECF No. 10].) Miller also states that "what [he] noticed about food portions from being in different places in [the] jail [was that they] went from being good portions to slim." (*Id.*) Miller argues, without explanation, that the discrepancy in food portions is a "hate crime." (*Id.*) The defendant's name appears only in the caption of the amended complaint and Miller does not allege any facts

against the defendant, despite being given an opportunity to amend his complaint to address this deficiency.

## II.

To state a cause of action under § 1983, a plaintiff must allege facts indicating that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). "Factual allegations must be enough to raise a right to relief above the speculative level," with all the allegations in the complaint taken as true and all reasonable inferences drawn in the plaintiff's favor. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

The Eighth Amendment protects prisoners from cruel and unusual living conditions. *Rhodes v. Chapman*, 452 U.S. 337, 345−46 (1991). The Constitution does not mandate comfortable prisons, but neither does it allow inhumane ones. *Id.*; *Helling v. McKinney*, 509 U.S. 25, 31 (1993). Prison officials must provide humane conditions of confinement, including adequate food, clothing, shelter, and medical care, and also must take reasonable measures to ensure the safety of inmates. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (citing *Hudson v. Palmer*, 468 U.S. 517, 526−27 (1984)). "To make out a prima facie case that prison conditions violate the Eighth Amendment, a plaintiff must show both (1) a serious deprivation of a basic human need; and (2) deliberate indifference to prison conditions on the part of prison officials." *Strickler v. Waters*, 989 F.2d 1375, 1379 (4th Cir. 1993) (internal quotations and citations omitted).

The Equal Protection Clause of the Fourteenth Amendment generally requires the government to treat similarly situated people alike. *City of Cleburne v. Cleburne Living Ctr., Inc.*, 473 U.S. 432, 439-41 (1985). To state a viable equal protection claim, an inmate "must first demonstrate that he has been treated differently from others with whom he is similarly situated and that the unequal treatment was the result of intentional or purposeful discrimination" on the basis of the plaintiff's membership in a protected class, such as race, gender, or religion. *Id.* (internal quotation marks omitted). The plaintiff must next show that the policy is not reasonably related to legitimate penological interests. *Id.* at 732. Once this showing is made, the burden shifts to a defendant to show the disparity is not an exaggerated response to a particular concern. *Morrison v. Garraghty*, 239 F.3d 648, 654-55 (4th Cir. 2001).

Despite being given the opportunity to amend his complaint, Miller fails to allege any facts against J. Wise, the named defendant, and the court therefore cannot determine that the defendant was involved at all in any violation of his rights—even assuming that Miller has alleged one. Accordingly, the court will dismiss this action under 28 U.S.C. § 1915A(b)(1), for failure to state a claim.

The Clerk is directed to forward a copy of this Memorandum Opinion and the accompanying Order to Miller.

**ENTERED** this 26th day of April, 2024.

/s/ *Thomas T. Cullen*
HON. THOMAS T. CULLEN
UNITED STATES DISTRICT JUDGE